965 So.2d 883 (2007)
STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION (BERMUDA), LTD.
v.
SUN LIFE ASSURANCE COMPANY, OF CANADA.
No. 2006 CA 1082.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
Writ Denied October 12, 2007.
*884 E. Wade Shows, Baton Rouge, Jeremy J.O. Harwood, New York, NY, Joseph E. Bearden, III, Andrew Struben deKlerk, New Orleans, Edward J. Gonzales, III, Baton Rouge, Counsel for Plaintiff/Appellant Steamship Mutual Underwriting Assoc.
Richard D. Bertram, New Orleans, Eugene R. Groves, Frederick R. Tulley, Baton Rouge, Glenn G. Goodier, New Orleans, Steven C. Schwartz, New York, NY, Counsel for Defendant/Appellee Sun Life Assurance Company of Canada.
Before: PETTIGREW, DOWNING and HUGHES, JJ.
DOWNING, J.
The Steamship Mutual Underwriting Association (Bermuda), Ltd. ("Steamship") appeals a judgment against it that grants an exception of lack of subject matter jurisdiction and dismisses its lawsuit. For the following reasons we affirm.
At issue in this appeal is Steamship's right to maintain a direct action against Sun Life Assurance Company of Canada ("Sun") pursuant to La. R.S. 22:943[1] in light of an order issued by a Pennsylvania court approving Pennsylvania's Insurance Commissioner as Liquidator of Reliance Insurance Company ("Reliance") and discharging Sun from all related liabilities. As ordered by the Pennsylvania court, Sun paid sums to the Pennsylvania liquidator to settle the same reinsurance claims that are the subject of the suit Steamship filed here in Louisiana. Over Steamship's objection, the Pennsylvania court signed an order releasing Sun from all claims under its reinsurance contracts with Reliance.
Steamship now seeks relief in Louisiana's courts by asserting its claim against Sun under La. R.S. 22:943. Steamship argues that Louisiana has in personam jurisdiction and that its present claims are not precluded by the exclusive in rem jurisdiction granted to Pennsylvania pursuant to La. R.S. 22:757 et seq., Louisiana's version of the Uniform Insurers Liquidation Law (UILA).
In concluding that Louisiana lacked subject matter jurisdiction, the trial court relied on the recent supreme court holding in All Star Advertising Agency, Inc. v. Reliance Ins. Co., 04-1544 (La.4/12/05), 898 So.2d 369. There, the supreme court observed that "[t]he issue of subject matter jurisdiction in this case turns on the reciprocity between a state, Louisiana, that has adopted the UILA, and a state, Pennsylvania, that has adopted a version of, or laws related to, the Model Act." Id., 04-1544 at p. 1, 898 So.2d at 370. It then concluded that Pennsylvania was a "reciprocal state" pursuant to La. R.S. 22:757(7). Id., 04-1544 at p. 19, 898 So.2d at 382. On remand, the supreme court ordered this court to consider the "unaddressed contention that the Pennsylvania Commonwealth Court in the order of liquidation did not *885 assert exclusive jurisdiction over a lawsuit such as the plaintiff brings here[.]" Id., 04-1544 at p. 20, 898 So.2d at 383.
Here, the liquidation order vested title to all Reliance's property, assets, contracts and rights of action in the Pennsylvania Commissioner of Insurance, as Liquidator. The order asserted Pennsylvania's in rem jurisdiction over all Reliance's assets wherever located. Subsequently, the Pennsylvania court asserted its exclusive jurisdiction over "inter alia, the assets of the Reliance estate, including matters related to the direct payment of reinsurance to Reliance insureds by Reliance's reinsurers. . . ." Subsequently, over Steamship's objections, the Pennsylvania court approved an agreement that discharged Sun from all liabilities under its contracts.
It is clear, then, that Pennsylvania is exerting exclusive jurisdiction over the matters at issue before us. Accordingly, we lack subject matter jurisdiction to consider them. We note that the supreme court in its order of remand in All Star determined that the test for exercise of Louisiana's jurisdiction was not whether the claim was made in personam; rather, the test was whether Pennsylvania asserted exclusive jurisdiction over the plaintiff's in personam claims for injunctive relief. Id., 04-1544 at p. 20, 898 So.2d at 383. We believe this holding is consistent with the mandate of La. R.S. 22:763, which states: "This Uniform Insurers Liquidation Law (R.S. 22:757 through 22:763) shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it."
Accordingly, we find no merit in Steamship's assignments of error. We will affirm the judgment of the trial court.
On another matter, we consider Sun's "Motion for Summary Disposition" and deny it. This motion was referred to this panel, to which the appeal was assigned. While we disagree with Steamship's arguments, we conclude that they raised an unresolved point of law that needed review and discussion. "Summary disposition" as contemplated by Uniform RulesCourts of Appeal, Rules 2-11.3 and 2-16.2 is, therefore, inappropriate in this case.

DECREE
We affirm the judgment of the trial court granting the exception of lack of subject matter jurisdiction and dismissing the lawsuit. We deny Sun's motion for summary disposition. Costs of this appeal are taxed to The Steamship Mutual Underwriting Association (Bermuda), Ltd.
JUDGMENT AFFIRMED; MOTION FOR SUMMARY DISPOSITION DENIED.
PETTIGREW, J., concurs.
HUGHES, J., dissents with reasons.
HUGHES, J., dissenting.
I respectfully dissent. The Allstar case establishes that Pennsylvania is a reciprocal state and therefore Louisiana may lack subject matter jurisdiction for suits against Reliance.
However, the issue before us is subject matter jurisdiction over Sun.
I also disagree that direct payments from a reinsurer of Reliance to an insured of Reliance are "assets" of Reliance. "Direct payment" seems to indicate the obligation flows directly to the insured. Reliance may be entitled to a credit.
NOTES
[1] Louisiana Revised Statutes 22:943, entitled "Pending actions," provides as follows:

A. Whenever an insurer agrees to assume and carry out directly with the policyholder any of the policy obligations of the ceding insurer under a reinsurance agreement, any claim existing or action or proceeding pending arising out of such policy by or against the ceding insurer with respect to such obligations may be prosecuted to judgment as if such reinsurance agreement had not been made, or the assuming insurer may be substituted in place of the ceding insurer.
B. Where two or more assuming insurers are involved in the same claim and a majority in interest elect to interpose defense to such claim, the expense shall be apportioned in accordance with the terms of the reinsurance agreement as though such expense had been incurred by the ceding insurer.